```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JAMAAL ALI BILAL, f/k/a
John L. Burton,

           Plaintiff,

vs.                                  Case No.   2:02-cv-421-FtM-29SPC

State of Florida Department of
Children and Family Services, Jerry
Reiger, in his official capacity as
Secretary of DCF, Liberty Behavioral
Health Corp., and ROBERT BRIODY,
Pd.D., in his official capacity as
Executive Director of the Florida
Civil Commitment Center, and Florida
State University, et. al.,

           Defendants[1].
_____

**OPINION AND ORDER**

This matter comes before the Court upon periodic review of the file and review of Plaintiff's Amended Complaint filed pursuant to 42 U.S.C. §1983 (Doc. #9, hereinafter "Amended Complaint"). Plaintiff was ordered to file an Amended Complaint after he was denied a motion for a temporary restraining and injunctive relief (Doc. #6). Plaintiff describes himself as a "pro se forensic citizen" who is currently confined at the Florida Civil Commitment Center ("FCCC") as a sexually violent predator pursuant to Fla. Statute §394 (the "Jimmy Ryce Act"). (Amended Complaint, page 2). The Amended Complaint essentially sets forth three separate claims. In his first claim, articulated at Count

---

[1]Plaintiff identifies thirteen Defendants in his Amended Complaint but only names these Defendants in the caption of his Amended Complaint. See Amended Complaint, Parties, pages 5-6.

I, Count II and Count V[2] of the Amended Complaint, Plaintiff alleges that the "State" breached a purported settlement agreement concerning Plaintiff's commitment at the FCCC. (Amended Complaint, page 2). Plaintiff then identifies various conditions or lack of services at the FCCC that allegedly evidence breaches of the settlement agreement. Plaintiff claims that he "is currently detained illegally" at the FCCC due to the breach of the settlement agreement. (Amended Complaint, page 4). In his second claim, set forth in Count VI, Plaintiff alleges a violation of the Eighth Amendment by Defendants South Bay and the FCCC for their failure to transport Plaintiff to a private dentist for a "cosmetic surgery procedure." (Amended Complaint page 20). In Plaintiff's third claim, identified as Count VII, Plaintiff alleges violations under the American with Disabilities Act ("ADA") against Florida Statue University ("FSU") and two FCCC employees concerning Plaintiff's delayed entrance into a bachelors program sponsored by FSU (Amended Complaint, page 21). Specifically, Plaintiff complains that an eight hour foreign language requirement was a "guise" and "discriminatory delayed" Plaintiff's entrance into FSU. (Amended Complaint, page 3). Plaintiff seeks declaratory and injunctive relief and compensatory damages in the "sum of $100,00 [from] each named defendant under the Rehabilitation Act." (Amended Complaint, page 25).

---

[2]Plaintiff's Complaint is not sequentially enumerated and does not contain a Count III or IV.

**II.**

It appears from a review of the allegations of Plaintiff's first claim concerning the breach by the "State" of a purported settlement agreement (described in Count I, Count II and Count V) that Plaintiff is challenging the fact and/or duration of his present confinement. Thus, it appears that Plaintiff's first claim presents a habeas corpus claim, rather than a civil rights claim, and will be dismissed accordingly so that Plaintiff may file a habeas petition after Plaintiff has fully exhausted his state court remedies with respect to said claim.

**III.**

Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #4). Consequently, the Court is required to review the remainder of Plaintiff's *pro se* Amended Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In essence, §1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings. See 28 U.S.C. §1915(e)(2). The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) reh'q denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either

-3-

in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>see also</u> <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309 (11th Cir. 2002); <u>Bilal v. Driver</u>, 251 F.3d 1346,(11th Cir. 2001). Additionally, §1915 requires dismissal when the legal theories advanced are "indisputably meritless," <u>Nietzke</u> at 327; when the claims rely on factual allegations which are "clearly baseless" <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. <u>Bilal</u>, at 1349.

In any §1983 action, the initial inquiry must focus on whether the two essential elements to a §1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled on other grounds by</u>, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Burch v. Apalachee Community Mental Health Services, Inc.</u>, 840 F.2d 797, 800 (11th Cir. 1988), <u>aff'd by</u>, <u>Zinermon v. Burch</u>, 494 U.S. 113 (1990).

<u>Duke v. Massey</u>, 87 F.3d 1226, 1231 (11th Cir.), <u>reh'g and suggestion for reh'g en banc denied</u>, 98 F.3d 1355 (11th Cir. 1996); <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1582 (11th Cir. 1995).

**IV.**

In order to state a claim for a violation under the Eighth Amendment, Plaintiff must show that public officials acted with deliberate indifference to Plaintiff's serious medical needs. <u>Estelle V. Gamble</u>, 429 U.S. 97 (1976); <u>Farrow v. West</u>, 320 F.3d 1235 (11th

Cir. 2003). Thus, a plaintiff first must show that he had an "objectively serious medical need" Id. (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); and, second that the official acted with an attitude of "deliberate indifference" toward rendering treatment to the serious medical need. Farrow, Id. (Quoting Farmer v. Brennan, 511 U.S. 825 (1994). Plaintiff complains that he was denied transportation to and treatment by an outside dentist for "cosmetic work." "Cosmetic" dental work does not constitute a "serious medical need." See Jackson v. Wharton, 687 F.Supp. 595, 597 (M.D. Ga. 1988) (dismissing as frivolous §1983 complaint alleging Eighth Amendment violation for failure to provide dental care where inmate admitted dental care was for "cosmetic" purposes). Consequently, Plaintiff's second claim, identified as Count VI in Plaintiff's Amended Complaint, fails to state a cognizable claim under §1983 and will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**VI.**

Similarly, the Court finds that Plaintiff's attempt in his Amended Complaint to articulate a cause of action based on the ADA unsuccessful. Title III of the ADA prohibits discrimination based on disability by "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Assuming without deciding that the FCCC[3] is a place of public accommodation,

---

[3] Plaintiff identifies two FCCC employees as acting in collusion with FSU admission officials. (Complaint, page 3).

Plaintiff has not alleged either a qualifying disability or discrimination based upon a disability. Plaintiff's civil confinement pursuant to the Jimmy Ryce Act does not ipso facto render him a qualified individual with a disability under the ADA. 28 C.F.R. §35.104. Moreover, no discrimination is alleged because it appears that the policy about which Plaintiff complains -- an eight hour language requirement--applies to all the detainees at the FCCC (and arguable all applicants of FSU). Thus, Plaintiff's third claim, identified as Count VII, is dismissed.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Amended Complaint (Doc. #9) is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall: (1) terminate all outstanding motions, if any; (2) enter judgment accordingly; and (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this   3rd   day of May, 2005.

JOHN E. STEELE
United States District Judge

SA:  hmk
Copies: All Parties of Record