```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JAMAAL ALI BILAL,

                Plaintiff,

vs.                                    Case No. 2:02-cv-421-FtM-29SPC

JUDGE KATHLEEN A. KEARNEY, Secretary
Department of Children and Family
Services, FLORIDA CIVIL COMMITMENT
CENTER, ROBERT BRIODY, Director
Florida Civil Commitment Center,
MICHAEL LIPSCOMB, Clinical Director
Florida Civil Commitment Center, and
STATE OF FLORIDA,

                Defendants.
_____

## ORDER

This matter comes before the Court upon Plaintiff's Motion for Clarification and/or Reconsideration (Doc. #20) filed July 7, 2005. Plaintiff requests pursuant to Rule 60(b) of the Federal Rules of Civil Procedure "for clarification and/or reconsideration" of the Court's Order of dismissal dated May 3, 2005. The Court dismissed Plaintiff's action alleging Eighth Amendment violations for the failure of the FCCC to transport Plaintiff to an outside dentist for cosmetic dental work as frivolous without prejudice (Doc. #16). On May 25, 2005, the Court previously denied Plaintiff's Motion for Extension to File a Motion for Reconsideration (Doc. #19).

Plaintiff advises the Court that it "wholly misapprehends the nature of the relief sought on this claim." Plaintiff contends that the "so-called 'cosmetic' dental treatment plaintiff seeks

comes in the aftermath of having his upper gum ridge broken by county jail officials after they stomped on the back of [Plaintiff's] dam head, while [he] was 'hog tied,' which caused permanent discoloring of the upper teeth." Plaintiff further advises the Court that he has paid a portion ($500) of the fees to an outside dentist in Pensacola. The Court does not find that the additional information persuasive to obtain the relief he seeks.

Rule 60, Fed. R. Civ. P., defines the circumstances under which a party may obtain relief from a final judgment. "It should be construed in order to do substantial justice, but this does not mean that final judgments should be lightly reopened." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments."). For example, Rule 60(b) permits courts to reopen judgments for reasons of mistake, inadvertence, surprise, or excusable neglect. "Motions under this rule are directed to the sound discretion of the district court." Id. Because Plaintiff's motion does not fit within any of the first five categories for relief set forth in Rule 60(b), the Court construes it as a motion brought pursuant to Rule 60(b)(6). Often referred to as the catch-all ground, Rule 60(b)(6) provides an avenue for relief for "any other reason justifying relief from the operation of the judgment." In seeking relief pursuant to Rule 60(b)(6), Plaintiff has the burden of showing that absent relief from the judgment, an

"extreme" and "unexpected" hardship will result. Id. citing United States v. Swift & Co., 286 U.S. 106, 119 (1932).

The Court finds that Plaintiff has failed to demonstrate that exceptional circumstances warrant granting him relief from the Court's orders. See Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001), quoting Griffin v. Swim-Tech Corp., 722 F.2d at 680 (citations omitted) ("[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."). See also Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000), quoting Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1288 (11th Cir. 2000) (stating that "a Rule 60(b)(6) motion, by which a court has discretion to grant a new trial for 'any other reason justifying relief from the operation of the judgment,' is intended 'only for extraordinary circumstances.'").

Moreover, the Court takes judicial notice of the injunction entered against Plaintiff in the Northern District of Florida in Case No. 3:99cv456-LAC-SMN due to his abusive filings . This Court may enforce the injunction entered against Plaintiff. See Martin-Trigona, 986 F.2d 1384 (11th Cir. 1993)[1]. Consequently, Plaintiff is advised that in any future actions Plaintiff files in this Court he

---

[1] The Court recognizes that Plaintiff is not a "prisoner" for purpose of the Prison Litigation Reform Act ("PLRA") and is not subject to the requirements of 28 U.S.C. §1915(2). Troville v. Venz, 303 F.3d 1256 (11th Cir. 2002). Nonetheless, as noted in the Magistrates Report and Recommendation recognizing that Plaintiff was not subject to Section 1915(g) Federal Courts are not without power to protect themselves from abusive filers.

shall comply with terms of the injunction. A copy of the Magistrate Judge and Order of the District Judge adopting the Report (Case No. 3:99cv456-LAC-SMN) are attached to this Order.

Accordingly it is

**ORDERED**:

1. Plaintiff's Motion for Clarification and/or Reconsideration, construed by the Court pursuant to Rule 60(b) (Doc. #20) is **DENIED**.

2. Plaintiff shall comply with terms of the injunction entered in Case No. 3:99cv456-LAC-SMN when filing any future pleadings in this Court.

**DONE AND ORDERED** in Fort Myers, Florida, on this __8th__ day of August, 2005.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

**Attach**: Magistrate Report and Order of Court in Case No.3:99cv456-LAC-SMN

SA:   hmk
Copies: All Parties of Record